United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD PHILLIPS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>NAPA STATE HOSPITAL,<br><br>　　　　Respondent. | Case No. 17-CV-06822 LHK (PR)<br><br>**ORDER OF DISMISSAL** |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court dismissed the petition with leave to amend so that petitioner could allege specific facts showing that he was entitled to relief. Petitioner has now filed an amended petition. For the reasons stated below, the court dismisses the amended petition for failure to state a claim for relief.

**BACKGROUND**

According to the original petition, in 1985, petitioner was sentenced to a term of imprisonment at Napa State Hospital after being convicted of attempted murder. It is unclear whether petitioner has exhausted his claims to the California Supreme Court.

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977)).

B.  Original petition

In the petition, petitioner listed three claims, but they were written in such general terms that the court could not determine what petitioner's specific grounds for relief were. For example, in Claim One, petitioner stated, "errors in two and in all of my jury trials, by judges, my counselor, and DA's." Pet. at 5. As supporting facts, petitioner wrote, "findings in all of my jury trials transcripts. That I and my appeals attorney, Julia Fries has found." *Id.* In Claim Two, petitioner alleged that there was false testimony by all of the psychologists and psychiatrists. And, in Claim Three, petitioner claimed that there were "unjust jury instructions." *Id.*

In the order dismissing the petition with leave to amend, the court informed petitioner that he must specify all the grounds for relief available and state the facts that supported each ground. The court specified that conclusory allegations without a statement of specific facts would not warrant habeas relief.

C.   Amended petition

Petitioner filed an amended petition. This amended petition fares no better than the original. Petitioner's amended petition states that Dolly Matteucci, Executive Director of Napa State Hospital; Patricia A. Tyler, Medical Director; and Richard D. Feldstein, Executive Officer filed corrupt allegations against petitioner in Napa Superior Court that were biased, prejudiced, and in violation of petitioner's constitutional rights. Specifically, petitioner states that they violated his Eighth Amendment right against cruel and unusual punishment.

Petitioner also states that Superior Court Judge Mark S. Boessennecker sentenced petitioner to an additional two years. Petitioner adds that his main allegation is that his sentence has been extended unfairly more than once since 1985 with the help of his public defender. Petitioner requests a new speedy trial.

D.   Analysis

Again, petitioner has not provided specific facts to support a claim for relief in a habeas petition. The court previously informed petitioner that in a habeas petition, a petitioner must specify all the grounds for relief available and state the facts supporting each ground. *See Hendricks v. Vasquez*, 908 F.2d 490, 491-92 (9th Cir. 1990) (habeas petitioner must state his claims with sufficient specificity). A prime purpose of requiring that habeas petitioners plead with particularity is to assist the district court in determining whether the respondent should be ordered to show cause why the writ should not be granted. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005). "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Advisory Committee Note to Rule 4 of the Rules Governing Section 2254 Cases (citation omitted).

Even after the court warned petitioner that he was required to support his claim with specific facts, petitioner failed to do so. He has not alleged how his constitutional rights were violated or why he believes the extensions of his sentence were invalid or unconstitutional. As the

Case No. 17-CV-06822 LHK (PR)
ORDER OF DISMISSAL

3

court stated after reviewing petitioner's original petition, it is well-established that "[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). Summary dismissal under Rule 4 of the Rules Governing Section 2254 Cases is appropriate when the allegations in a petition are vague or conclusory. *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (citing *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1997)). Petitioner's vague assertions in both his original and amended petitions are not only conclusory, but they also fail entirely to state any basis for federal habeas relief, given that they lack any factual support. Therefore, they fail to state any cognizable basis for federal habeas relief.

Petitioner was given an opportunity to amend his original petition and advised that the failure to file an amended petition in conformity with the order describing the petition's deficiencies would result in dismissal of this case. Petitioner has not cured the deficiencies in his amended petition. Thus, the court finds that further leave to amend would be futile, and this case is dismissed with prejudice for failure to state a claim.

## CONCLUSION

This case is dismissed with prejudice for failure to state a claim. The Clerk shall terminate all pending motions and close the file.

Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

DATED:   5/14/2018

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 17-CV-06822 LHK (PR)
ORDER OF DISMISSAL

4